**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Martinez,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 06-2227-PHX-SMM (LOA)<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Alfredo Martinez, formerly confined in Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Application to Proceed will be granted.

On September 22, 2006, Plaintiff filed a Notice of Change of Address (Doc. #3) indicating he is no longer in custody.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Plaintiff brought this civil action while he was still a prisoner, he will be required to pay the full amount of the $350.00 filing fee even though he is now released. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*] civil actions must pay the full amount of the filing fee.")

If Plaintiff were still a prisoner, the Court would order Plaintiff's custodian to periodically withdraw funds from Plaintiff's inmate account according to the statutory formula in 28 U.S.C. § 1915(b)(2) until the filing fee was paid in full. However, because Plaintiff is no longer in custody, and therefore does not have a prison account, he can not avail himself of the partial payment provisions of 28 U.S.C. § 1915(b)(1), (2). The statute makes no other provision for incremental collection of the fee. Therefore, Plaintiff must now pay the filing fee in full.

Plaintiff will be given 30 days from the filing date of this Order to pay the $350.00 filing fee *or* to file a pleading entitled "Response." In the Response, Plaintiff must either state the date of his release and promise to pay the $350.00 filing fee within 120 days of the date of his release or show good cause why he cannot.

Plaintiff is advised that even after he pays the filing fee, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted.**

(2) Plaintiff must either pay the $350.00 filing fee in full *or* file a "Response," as described above, within **30 days** of the filing date of this Order.

(3) If Plaintiff fails to pay the filing fee or file a "Response" within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.

DATED this 2nd day of November, 2006.

Stephen M. McNamee
United States District Judge